the fourth district appellate court of the state of illinois has now convened the honorable thomas m harris presiding hello counsel the first case this afternoon is case number 4-25-0024 ashley madigan and jordan keen versus austin hannabarger uh let's proceed with appearances first for the appellant uh lanny dar for the appellants thank you for the appellees james craney for appellee thank you william nickel for appellee all right mr nickel it's my understanding you will not be participating today is that right that's right okay mr dar you may proceed with your argument thank you may it please the court counsel good afternoon uh i'm here seeking reversal of the trial court's order dismissing two plaintiffs lawsuit that was filed in whiteside county against a whiteside county citizen and resident one of the plaintiffs in the lawsuit jordan keen also lives in whiteside county and lives with austin hannabarger nevertheless considering those facts the trial court concluded it would be more convenient for the parties to litigate in montgomery county missouri than it would be in whiteside county where they live and it's our contention here today that this finding was an abuse of the trial court's discretion by way of background this injury claim exists due to a motorcycle wreck that occurred in montgomery county missouri it involved two motorcycles one driven by daniel mccauley and another driven by austin hannabarger keen was a passenger on the hannabarger motorcycle and mccall i mean and madigan was the passenger on the mccauley motorcycle both plaintiffs were injured and they sued mccauley in missouri in montgomery county and then they sued hannabarger in his home forum of whiteside county the case against mccauley was was settled immediately and it had been dismissed before the forum non-convenience motion was considered so the only defendant in the case was hannabarger nevertheless uh mr hannabarger's attorneys brought a motion saying it would be more convenient for uh this lawsuit to be brought four hours or 280 miles away from his residence in montgomery county where no party resided no medical treatment was received and no witnesses resided where are the medical providers the medical providers the initial medical provider was in columbia missouri which is in boone county and then there was a lot of subsequent medical treatment by both plaintiffs and around st louis and st louis county and now jordan keen lives up in whiteside county so a lot of it you know her ongoing treatment would be up in that area but not surprisingly uh there was no affidavits supporting the defendant's motion there was not even an affidavit from the defendant himself uh attesting to his inconvenience um in litigating in 280 miles away from his house as opposed to 12 miles where the uh whiteside county courthouse is located there was no case goes to trial and uh it's contested at a jury trial so the party's going to have to present evidence how many different witnesses uh would need to be called pertaining to the accident itself and subsequent treatment uh of the people regarding uh the accident uh that occurred in montgomery county well that's an unknown fact your honor because in this case a plaintiff filed a motion to stay hearing on the forum non-convenience motion saying there needed to be preliminary fact discovery conducted the uh defendant opposed that motion and wanted to go forward based upon the police reports showing the existence and the location of various witnesses and various medical providers but that is nothing more than speculation or conjecture as to what would be necessary to go to trial and it would be defendant's burden to come forward and show what literal witnesses would be necessary at trial and also why those witnesses could not be obtained through some other measure uh such as uh depositions of the doctors those are frequently done through um you know depositions in advance uh whether it be in my case goes to trial depositions don't count you have to bring uh if it's an arm's length proceeding you're gonna have to bring all the witnesses to sterling illinois well no we can take evidence depositions of them for for trial purposes if we couldn't get them up there but they very well may come or they may not have relevant testimony we just don't know because there was no there was no inquiry made and and that's and the case law is replete with those types of situations oh so it's in we're talking about whiteside county illinois but that's just fortuitous that that's where the particular defendant lives how about cooktown would that have been an appropriate venue had he lived there no well if he lived if he lived yes if if mr hannenberger lived in cook county of course we could sue him anywhere that he lived are there any limitations on this notion of you can uh sue the defendant and the venue wherever he happens to be no matter where the accident occurred well in illinois this the the the statute there's two prongs there's the statutory venue which would be where he resided or where there was there's a transactional approach um for the venue statute in this case uh sure any any county he resides in he can be sued in that county and meet the statutory venue requirements after after that choice or that selection is made then if if the defendant wants to change venue from the statutory venue permitted he would have to argue inconvenience and that inconvenience analysis is what we're here talking about today which is it's their burden to prove that that this was an overwhelmingly inconvenient venue selected by the plaintiff and and to meet that standard uh the trial court would have had to have made specific findings specifically they would have had to make the first finding is what level of deference should be afforded to this plaintiff's selection of white side county well so dar what uh case stands for that proposition that they the first step they must have to do is uh determine the level identify the weight uh that they are giving or the deference to be given to the plaintiff's uh choice of forum um and i'm taking your i'm using the words that you used sure um the first step of the it's cited on page six of our brief benedict versus aberrant laboratories and vivis versus bowing company and those cases say that the trial court judge has to identify uh the deference it is giving uh to the plaintiff's choice of forum sure i i think that those cases and others say and and for good reason that the deference sometimes they're giving slight deference sometimes they're giving no deference and sometimes they're giving great deference so it's insufficient if the trial court just simply says i've taken into consideration uh the plaintiff's choice to form yes but in that case uh that did not even occur what what uh the court said was in their order said that they would be they were properly advised and they just said the defendant's motion to dismiss is granted um in the in the oral record the basic basis for the denial was that they thought it was inconvenient to the plaintiffs which is a uh inappropriate consideration that the plaintiff gets to select if there's multiple venues they get to select which of those multiple statutory venues they want to file in um but in this case um i i kind of lost my train of thought there but oh the the the choice of venue so once that choice of venue is detail i mean the level of deference is decided that's that's the the high water mark that the defendant must meet by showing inconvenience so if it's a high level of deference because it was the defendant's residence and where one of the plaintiffs resides that that should come down as a high level of deference let me just uh see if that's what you mean to say my understanding of the law is that the plaintiff's choice of forum receives less deference when the forum is neither the plaintiff's residence nor the site of the accident or injury it doesn't mention whether it's the defendant's residence isn't that correct well your honor i i i have a different understanding of the law in the sense of i did the the location of the defendant uh residence was important but i agree with you that the location of the accident is one factor to be considered uh when you're determining deference but it's not the only factor no no and i don't i don't want to suggest these are not part of the equation but in starting out with the question of deference to the plaintiff's forum that choice deserves less deference when the forum is neither the plaintiff's residence nor the site of the accident separately on the question of inconvenience to the parties i agree with you that if the defendant resides in the jurisdiction that was chosen that element a different element may be weighed against transfer isn't that right i i agree that the that the residence of the defendant weighs in favor of keeping it in white side county and and it typically does especially when you're dealing with an individual defendant as opposed to a corporate defendant and some of the cases dealing with corporate defendants have a little different analysis but when you're talking about just an individual i i think the fact that he is sued in his home residence and the supreme court has said when you're sued in your home residence you can't complain of inconvenience and and that's but only on that factor only on the factor of whether the party's inconvenience weighs in favor or against the motion it's not like a an overriding factor that controls or prevents the defendant from proceeding on the motion and having all the other factors considered correct i i yes i i i assume there could be circumstances in which the defendant was sued in his home residence and there would be other factors present that would that would justify a transfer i i i concede that that would have that that could be a factual scenario but i but that is not the facts that exist here because there's nothing that ties the witnesses or the parties to montgomery county missouri because of the fact that this was a purely transitory occurrence they were driving through montgomery county on a on a it was a collection of motorcycles and people out on a a recreational run and the wreck happened to occur there but the people that were involved in that collection of motorcycles do not reside in montgomery county the plaintiffs were airlifted out of that county to their hospitals so and in missouri we only have one venue opportunity and that is the location of the accident in the story so the two factors we're dealing with here are do we go all the way back to montgomery county where no one where there's no connection other than the scene of the accident or do we proceed in whiteside county where the defendant resides and one plaintiff resides and when you consider those factors um it it becomes difficult to understand how the defendant complained of his own inconvenience and if he truly wanted to complain of his own inconvenience you would i would he would have added that to the record he would have filed an affidavit or some basis to allow us to understand the basis of that argument that uh it's actually going to be more convenient for me to litigate four hours away from my house as opposed to 12 miles away from my house but that wasn't put into the record and there was no basis in the record for that and under these cases in that jupiter case that i cited late and then the court allowed which is a recent fifth district case obviously not a fourth district case but says that it's an abuse of discretion not to individually address each public and private interest factor and in this case there were no private or public interest factors addressed by the trial court certainly not in the order so that brings us to what i think is an important consideration in this case this case is before the court on an abuse of discretion standard if this was a de novo standard of review you could cast aside the trial court's order and do your own analysis of the forum events or the or the forum criteria but since it's up there on an abuse of discretion standard you have to know you have to be informed as to what was the discretion what was the analysis that the trial court engaged in to reach its conclusion and then only once you know how she reached her conclusion can you make the determination as to whether it's a um an abuse of that trial court discretion and that's where i think the the jupiter case comes in because the jupiter case my reading of it makes it very clear that it's in this is my understanding of even before the jupiter case but that the trial court has to address each of the public interest and factors and make a determination as to whether they apply don't apply which ones they favor which ones they don't favor and then it's upon reviewing that order that the court the the reviewing court can make a determination as to whether or not the discretion was abused but i mean i think you might be reading a little too much into uh what was said the supreme court uh indicated that it would be preferential for a trial court to provide that uh record uh for a reviewing court but i don't think i've seen a case that says uh that that is a requirement that the trial court is to identify its evaluation of each and every uh private and public interest factor uh and note that in the record um unless you can point to a case that says otherwise well it was just the the case i was just mentioning the jupiter first mead and johnson mead johnson and company 225 ill lap 5th 230248 uh which was the subject of our motion to cite supplemental authority because it came out um after we filed our our reply brief um or our rebuttal brief and that is the case i rely on that says in in pretty clear terms i think that the trial court needs to uh consider each needs to make an each order each individualized analysis of each order and in the absence of that it is an abuse of discretion do you have it in front of you i do okay well well i think i do if you're if you're stating that that is in fact what the case stands for uh i would really like for you to point out to us uh the paragraph in which that appears well i thought i had it in front of me i paint i i cited in my brief for my motion two page um or paragraphs 37 through 39 of that opinion and i'm pulling it up right now well mr dar and i don't want to have you uh use up all of your time on on this uh if during uh council's appellee's argument you can find that portion and in your rebuttal um uh identify it for us that'd be helpful okay i can do that i mean i i think it's mostly in paragraph 39 but i'll i'll address it when i come back on rebuttal thank you i think is my time up i guess you have yes excuse me uh you your time is up and you will have time in rebuttal uh mr craney you may proceed with your argument yeah may it please the court um we're doing this electronically and if any if any uh your honors can't hear me um i do not mind if you interject and tell me you can't hear me i think i will be brief um i have prepared an outline and i can go through and i can list each factor of the public and private interest factors and i can explain why um the trial court was correct in its evaluation and i will do so however assuming that this court has read everything um as i sort of expect is the case and um doesn't need me to recite that let me start with first a few um primary issues well mr craney uh then let me ask if if it's simply to um you know go through the pop uh private and public interest factors uh here you can get to that but i do want to ask some specific questions first uh was it necessary for the trial judge in this case to go beyond what she said which was that she had considered the uh private and public interest factors uh and then to make uh her decision without having specified uh how she evaluated each no it was not and there's uh illinois supreme court directly on that which we cited in our response to uh counsel's argument um the supreme court has indicated in that case which may be universal i cited it in the response to his motion to supplement authority and while i pull that case i will tell you that what the supreme court says is that while it's it's landmark uh versus nip group still good law and the supreme court says that while it's preferable um for a trial court to make a more detailed analysis in its order so that the reviewing court has something to look at it's not necessary and as a matter of fact in that case the supreme court says that under facts almost identical to what the trial court did here that it was sufficient to say that i've taken into account the pleadings before me which analyze all the factors and to say in the record that after an analysis i've considered all the factors and i've made my decision so the supreme court has given its imprimatur to that approach it may not be preferable but uh we disagree with counsel um i'm slow sometimes and i like to read these cases slowly and i've read the case that he cited a few times and i don't think it says anything like there has to be i don't think there's case law that even says that it has to be a written order on forum uh much less that it has to go into a detailed analysis of each factor so we disagree on that i think the supreme court jurisprudence supports that what happened in this case is directly on the point mr darr indicated in his argument that there there is no affidavit uh by defendant uh that uh whiteside county it was an inconvenient forum was it argued uh before the trial court that it was inconvenient to the defendant well it was certainly argued and or submitted that it was inconvenient i i did hear mr uh darr's argument on that and i'm not uh i have not seen any case law although i'd be educated if someone could tell me about it that requires there be uh an affidavit in support uh what i do know is that the uh the fennel case which we've cited which plaintiff also cited and relied upon says uh specifically and i pulled it while we were talking um that requiring extensive investigation prior to deciding a forum non-convenient motion would defeat the purpose of the motion and i think that the important point here is that um plaintiff appellant argues that you know were we allowed to do more discovery on this um you know the court might have had more facts to rely upon but the the jurisprudence in illinois says exactly the opposite that they like these things resolved quickly so um you know supporting with affidavits or staying a hearing on the forum motion in order to conduct some discovery and create more of a fact record on the to help the court balance the factors is just not what the law requires so to answer your question again um yes it was argued i could if and if you give me a little leeway here i'll speak to what i think the answer would be on this issue well confine it to the record please okay well then let me stop there let me stop there uh um i would like to move on and make another point that um well i've actually made that point the framework here two points that it sounds to me as though the court grasps probably better than me there's an initial question before we enter into the factors balancing and that is to what level um does the court give deference to the plaintiff choice of venue and the answer to that as i it seems to me the court is well aware is that in a case like this there's less deference um but that's not a conclusive uh analysis that's just a question and in this case it's answered there's less deference then you move into the balancing of the factors one of those factors obviously is convenience of the parties and included in that analysis is the issue of whether or not the defendant is currently a resident of the chosen forum um i we disagree with plaintiff's read of the case law it seems as though the plaintiff appellant believes that if the defendant resides in the chosen foreign county that he may not then argue uh race forum is an issue and that's just not what i think the case law says looking at um i i believe this is the primary case that everybody relies on the uh well i'll read the case law here um while motorola is correct in asserting that a party's principal place of business may not be dispositive in the forum non-convenience analysis it certainly is an acceptable factor to be weighed in determining whether illinois is an inconvenient forum so what that tells us and that cites to gridley versus state farm and i think that's the final case though i could be wrong what that tells us is that and i freely concede that we have a little bit of a tougher lift when the defendant resides in the chosen forum however it's not only not dispositive of the issue it's one consideration in determination of one factor in the overall analysis um so i wanted to make that point it sounds to me as though the court's aware of that overall when you balance the fact before you get started on a new point may i just ask you when we're dealing with interstate forum non-convenience we're not comparing a county in illinois versus a county in missouri we're comparing the convenience of illinois as a forum versus missouri as a forum is that correct yes i agree that that's correct i will concede on the front end that i'm not so sure that the cases have made that as clear as i would like but i i do believe that's the case when you're dealing with an interstate forum issue which is and and it also is supported by common sense but i know that's not what we're here to argue about which is why i think that the issue of whether or not um treating positions for example might be in different missouri counties i don't think it's particularly applicable when we're talking about an interstate forum motion as opposed to an intrastate forum motion we're really talking about what's the burden that this is putting on the illinois court system versus you know where where it should have been brought um i i think in that regard i'd like to point out by the way just to make sure the record is clean on um that at the time the suit was filed one of the plaintiffs did not live in illinois at the time the suit was filed one of the uh i think i found out that plaintiff had moved to illinois the day before the hearing or the morning of or or something like that um so yeah that's my answer to that that's my understanding of the law that when you're looking at interstate forum non-convenience you're looking generally at the uh the the the forums that you're considering writ large in that scenario are the states i know i know when we're looking at a at a question of jurisdiction there's case law that establishes that's measured as of the time the complaint is filed are you familiar with any similar uh law with respect to whether we look only at the status of the situation when the complaint is filed or can we consider can the trial court have considered the the fact that the plaintiff changed residency to illinois after the filing i i have an answer to that and my answer is i didn't i looked and i didn't find cases that that answered that specifically in the context of forum so what i was prepared to say about that and what i will say uh the court is one step ahead of me is that i was going to fall back on the general law relating to jurisdiction um but i have to concede i don't have a case for for the court um that says that in the context of forum uh that's not to say there isn't one um i just i didn't find it um i guess finally i and i can recite the factors but that you know that's those are in my filings and maybe the court doesn't need me to i'll point out that the the purpose of having a less deferential standard and this is i'm quoting the cases on this the purpose of having a less deferential standard for the plaintiff's choice of forum in a case such as this and there are cases that say you have to be you have to assume some sort of forum shopping when the plaintiff chooses a forum that's uh that's not where the accident occurred or where the plaintiff lives at the time um and the one i guess if there's one factor i want to focus on and maybe i'll just this will be the only factor i talk about unless i'm asked separately is um and i think it's relevant to consider that factor by filing in missouri i'm sorry by filing in illinois we were deprived of the opportunity to take advantage of certain comparative fault issues to um to enter into a good faith finding and challenge amounts of settlements reached in the by the other plaintiff based on the case law where does that factor in i think that it uh it's i i concede fully that that does not factor in at this point in an overall analysis of the forum argument however um i i do think that it's a um it's a factor hang on i'm looking bear with me one second i'm looking for where i included that in my analysis i think this okay i apologize to the court it took me a second to gather my thoughts this is relevant when one weighs um i i misspoke when i said um it went to a factor it's relevant to determine whether or not the plaintiff's choice of forum is reasonable on the on the deference analysis um the case law says that when a plaintiff chooses a forum foreign to the plaintiff the assumption is that the forum is less reasonable um and then this the dawdy case which is the one that both sides have cited says that by choosing a forum forum to the plaintiff it's reasonable to inform to assume that the plaintiff engaged in forum shopping so in that regard when when the court is analyzing the the i'll call it the threshold question rather than the fact the balancing the factors in analyzing the threshold question of deference upon which the plaintiff relies heavily i mean the plaintiff goes so far as to suggest that it's almost the end of the question which i disagree with but when you analyze this issue of could there be some forum shopping involved um and how much deference should we give to the plaintiff i think it's important to realize that there are mechanical legal strategic reasons why it would make sense in a forum shopping analysis for the plaintiff to have filed in illinois it's not a factor to consider here i fully concede that it does it's not dispositive on the issue of forum and i would not suggest to the court that it is um but i thought through this in great detail when we filed the response the responsive brief and i do think it's relevant to consider when weighing the uh the plaintiff selection of forum and kind of looking behind whether or not um you can give deference uh to the plaintiff and choosing that as a reasonable forum well it may be an academic uh argument here but if you have two venues if you this is an interstate uh forum non-convenience uh hypothetical here uh state a and state b and there are a mix of factors that favor either state state a has no caps on uh damages state b does plaintiff unsurprisingly chooses to file his complaint in state b are you saying that during the the trial court's analysis of the forum non-convenience motion it should consider that almost as a factor against plaintiff because that would be an indication of forum shopping simply because it has more favorable rules i'm saying that if no well maybe yes i'd have to read the question back but what i'm saying is that if i was a trial court judge i probably um would have concluded in this case that um i'm giving less deference to the plaintiff's choice of venues and one of the reasons for that is that it's conceivable there was forum shopping for a reason i wouldn't i wouldn't hold that against the plaintiff everybody expects their lawyer to make strategically correct choices for them it just goes to an analysis of whether or not um you give deference but it doesn't it doesn't go to any of the factors in the final determination i don't know if that's a um inadequate answer for your honor but that's that's my answer okay thank you isn't there an implicit strategic uh struggle in any forum non-convenience motion the plaintiff has chosen uh one forum because of reasons that the plaintiff feels might be advantageous to his or her case the defendant seeks to transfer it for reasons flowing in the other direction somebody's ox is gored no matter which way the ruling comes down isn't the right thing for courts to do is to look past the strategic reasons and not pick who had better strategic reasons and simply focus on the factors as they're articulated yes that's exactly what the court should do i fully agree with that i believe that in this case and in every forum case that would come up um you could articulate a reason why either side has strategic reasons for doing what they're doing um and i fully i i have full faith in mr dark to explain why he thinks in his last five months that we're doing this for strategic reasons and that's fine um but the the point is that um that is neither those considerations are not dispositive of the issue i i agree with that um but i think it is you know it goes into for the same reason that the case law that looks at there's sort of two countervailing issues that fall to some extent within to some extent without the factors and that is the plaintiff's choice of forum is given death deference sometimes less deference other times and the defendant's resident in the chosen forum um is also taken into account so those two things in a case like this i think offset um and i think that i think well that's that's as far as i'll go i believe i've answered that question there the the court is correct it's not dispositive the court should look past those things um so just a final uh otherwise we've submitted our brief which talks about why we think that all the factors were met in this case i think what the trial court did is fully sufficient under the law i disagreed with the reading of the cases cited by the plaintiff we didn't have a duty to conduct more full discovery and you know it's not as though in a forum analysis like this the courts the the jurisprudence requires us to have affidavits from every potential um responding police officer every potential um nurse ems agent who showed up and every potential doctor that says it would be less convenient for them to come to illinois um these the cases uh the case law is set up such that we can make these determinations early on um taking that all into consideration in a case like this we've got the issue of a site visit which is many miles away you've got the issue of missouri treating physicians you've got the issue of a responding police officer all of whom would typically be witnesses in a case like this um and it leads to the conclusion that you know we all understand that the here today is an abuse of discretion and um i do not believe that the plaintiff has offered anything to support an abuse of discretion uh finding by the appellate court so i'll stop there thank you okay thank you mr cranny mr dar rebuttal yes just quickly and i'll probably bounce around here a bit but we agree there's no obligation to conduct discovery but in the absence of discovery as in this case means that they were left with speculation and conjecture as to the availability of witnesses and evidence and and things that were important or unimportant and the the case law is complete with arguments that that is you cannot base a forum transfer based upon uh speculation and conjecture and that's what they were left with when they when they proceeded just based upon a report and some medical records uh next i i will want to it's in the briefs but the uh uh was new ski uh case first shod s-c-h-a-i-d and was new ski is k-w-a-s-n-i-e-w-s-k-y that's a illinois supreme court case on a venue under similar circumstances in since the accident happened in wisconsin uh was filed in illinois where the defendant resided and there was a contribution defendant in wisconsin and the trial court made a couple important points there which is the existence of a contribution defendant is wholly immaterial to the plaintiff's case and that is a matter of interest only to the defendant and as a factor which is at this juncture wholly speculative the court also in that case said while the place of accident is a significant factor it also carries less waste than the plaintiff's choice of forum in the county of defendant's residence which is what we did here so under that scenario once again it's my contention that the judge you know since we are here on an abusive discretion standard the judge needed to let us know what was the deference she was affording and how did she reach that conclusion um do you agree that in an interstate forum non-convenience we're not comparing white side county illinois versus montgomery county missouri we're comparing illinois against missouri yes but yes but well when you i agree 100 percent uh but when you engage in that analysis you have to take into account that the only place you can file this lawsuit in missouri is in a remote area or at least remote for the witnesses or potential witnesses which is montgomery county uh but if the case belongs in missouri that's missouri's law that's part and parcel if you decide the case should be in missouri well i mean we would i think you still have to do a convenience analysis it just because there is it's interstate transfer across state lines you still have to engage in a convenience analysis and when you engage in that convenience analysis uh you still have to come down to the conclusion that is is preferable and more convenient under the uh proceeding in white side county as the court said in the wasnusky case that it's you know even though the accident was in wisconsin that's given less deference because the defendant was sued where he lives and then also i just wanted to address the jupiter case that uh the court brought up in my initial argument um the exact quote from the brief i i don't find or in my motion that i mean i didn't quote in my motion but anyway um every motion to transfer based on forum non-convenience must be considered as unique on its facts must be decided to pursue it to an individualized case by safe consideration of convenience and fairness and then um it goes on to say and that was in paragraph 36 and paragraph 37 of the opinion the court goes on to say when deciding a forum convenience motion the circuit court is to include all of the relevant private and public interest factors in their analysis and in this case the court considered none of them other than uh there was a recital of that fact but the courts have consistently said well excuse me mr dar how do we know that the trial court didn't consider each and every private interest factor and each and every public interest factor well i i don't know i mean i i i surmise she didn't because i was there but once again i i believe the law is that she has to make that part of her order and the reason that has to be part of her order is because it will be reviewed on an abuse of discretion standard if it was reviewed on a de novo standard it's not that important because the court looks at the entire record in this case you're looking at the substance of a court order to make a determination as to whether she abused her discretion and if if she doesn't give you the analysis you can't just presume that she went through the the analysis that she is required to do which is a public and private interest factors there has to be some guidepost established by her and then the court can review that for an abuse of discretion based upon the existing case law that she had to consider all right mr dar you are out of time uh i appreciate council's arguments here this afternoon the court will take the case under advisement and will issue a written decision thank you